HENRY JAMES, RESPONDENT, v. PENNSYLVANIA RAILROAD COMPANY, APPELLANT.

Submitted October 12, 1928—Decided May 7, 1929.

Argued before GUMMERE, CHIEF JUSTICE, and Justice PARKER.

For the appellant, *Theodore Strong*.

For the respondent, *John R. Phillips, Jr.*

The opinion of the court was delivered by

GUMMERE, CHIEF JUSTICE. The plaintiff was an employe of the defendant company. While engaged in repairing track at Plainsboro, in this state, the jack that he was using in raising the rails broke, the handle striking him and inflicting injuries which are the basis of the present suit. His claim before the jury was that the company is responsible because of the fact that the jack which was furnished him by his foreman was not sufficiently heavy to be used safely in the performance of the work which he, the plaintiff, was doing under the instructions of the foreman. The suit is based upon the Federal Employers' Liability statute. The trial resulted in a verdict in plaintiff's favor, and the defendant company has appealed from the judgment entered thereon.

The first contention made before us on the part of the defendant company is that the trial court should have granted a motion to nonsuit the plaintiff. The principal ground upon which the motion was based was that the complaint recited that the federal statute was enacted on the 22d day of May, 1908, whereas in fact it was approved on the 22d day of April, of that year. In our opinion, this contention is without merit. Counsel for the defendant knew that the case was brought under the Federal Employers' Liability statute. He was not misled by the incorrect statement of the date of its passage. The meritorious questions were tried out. No substantial right of the defendant was injuriously affected by this misstatement in the complaint, and, consequently, it affords no basis for a reversal. *Revised Practice Act*, 1912, § 27, (*Pamph. L., p.* 382).

It is further argued that the nonsuit should have been granted because the plaintiff's claim was based upon the assertion that his injuries were the direct result of the act of the defendant, through its employe, in furnishing him with a defective jack; and that there was no proof whatever offered by him in support of this assertion. But the complaint contained the further averment that the accident happened because the jack was not sufficiently heavy to enable the plaintiff safely to perform the work in which he was engaged, and that it broke for that reason; and the plaintiff's case, as tried, was

based upon this latter averment. The motion to nonsuit upon the ground last stated was apparently based upon a misapprehension of the averments of the complaint, and it was properly refused.

It is next argued that the court erroneously refused to permit one Michael Mulloney, a witness called by the defendant, to answer the following question with relation to a written statement signed by the plaintiff: "State whether or not before the plaintiff touched the top of the pen to make his signature to the paper, he was aware of its contents." We consider that this question was properly excluded, because it called for a conclusion by the witness and not for a fact. The proper question would have been, "Did the plaintiff read the statement before signing it?" or "Was it read to him before signing it?"

Counsel next insists that the trial court erred in refusing to permit this same witness to answer the following question: "State whether or not James was knocked down that day by being hit with the jack." The question was excluded because there was no evidence, when it was asked, that Mulloney had been a witness to the accident. Subsequently he testified that he was present when the accident occurred, and the court then informed counsel for the defendant that he might again ask this question of the witness and that he would be permitted to answer it. Counsel did not see fit to avail himself of this offer, and he cannot now justly complain that the original exclusion of the question was harmful error, even if it be assumed that the question was itself competent.

It is next argued that the trial judge improperly refused to direct a verdict for the defendant, the motion being based upon the contention that there was no testimony which would justify the jury in finding that the defendant company was legally responsible for the plaintiff's injuries. We consider this contention to be unsubstantial. There was evidence to show that the jack had been furnished to the plaintiff with which to do the work he was then engaged in performing; that it was furnished by the foreman, under whose orders he was working; and that it broke because it was too light to do the work upon which the plaintiff was engaged. These

facts established a *prima facie* case of negligence on the part of the railroad company's foreman who furnished the jack, and the defendant company is responsible for his act.

Other grounds upon which we are asked to reverse are directed at alleged erroneous rulings on the part of the court in admitting or rejecting evidence, and also at alleged errors in the charge to the jury. We have examined these grounds for reversal, and consider that none of them are meritorious or of sufficient importance to justify discussion.

The judgment under review will be affirmed.